OPINION
{¶ 1} Reginald Hines was found guilty by a jury in the Montgomery County Court of Common Pleas of aggravated burglary, possession of cocaine, and domestic violence. He was sentenced accordingly. Hines appeals from his conviction.
 {¶ 2} On June 25, 2002, Hines was indicted for aggravated burglary, possession of cocaine, and domestic violence. The facts surrounding the offenses will be described in greater detail below. Following a two-day trial in October 2002, a jury found him guilty of each offense. He was sentenced to concurrent prison terms of three years for aggravated burglary, six months for possession of cocaine, and eleven months for domestic violence.
 {¶ 3} Hines filed a notice of appeal and appellate counsel was appointed on his behalf. However, appellate counsel filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, asserting that there were no meritorious issues to present for review. Hines did not file a brief on his own behalf, as he was invited to do by our decision and entry of July 7, 2003, which informed him that appellate counsel had filed an Anders brief and the significance of an Anders brief.
 {¶ 4} Appellate counsel proposed as a possible assignment of error that the convictions were against the manifest weight of the evidence.
 {¶ 5} Conflicting evidence was presented at Hines' trial. The alleged victim of the burglary and domestic violence was Andrea Corbitt. Early in the trial, Corbitt's testimony from the preliminary hearing was read into the record because she failed to come to trial in response to a material witness warrant and was deemed unavailable. At the preliminary hearing, Corbitt had testified that Hines and his brother had come to her apartment at approximately 1:20 a.m. on April 11, 2002. Her door and screens were locked. After Corbitt, her son, and her cousin heard glass breaking on the door, the cousin opened the door. Hines, Corbitt's estranged boyfriend, reached over the cousin and "grabbed at [Corbitt], and grabbed [her] hair, and was spitting in [her] face." He also hit her, and he pulled the telephone from the wall when she tried to call the police. Hines and his brother then left the apartment, and Corbitt ran to a pay phone to call the police. Corbitt suffered minor injuries that were documented by the police.
 {¶ 6} Corbitt eventually appeared at trial to testify and did so as a witness for the defense. At that time, she testified that Hines had not broken into her home without permission. She also stated that she did not remember how her injuries had occurred, that she did not remember how the glass in her door had gotten broken, and that she did not remember calling the police. She also revealed that she was pregnant with Hines' child at the time of trial.
 {¶ 7} The police who responded to Corbitt's call provided the following evidence on behalf of the state. A police cruiser arrived at Corbitt's apartment moments after her call was received. She was very upset and wanted to get into the cruiser to take the officers to the place where she thought Hines and his brother would be. Meanwhile, another officer approached Hines and his brother on a nearby street, suspicious that they had been involved in the altercation with Corbitt about which there had been a radio broadcast. As the officer talked with the two men, Hines "started to back up, he dropped his right hand down to his side, stood up against [a] fence, and then dropped what looked like a piece of plastic onto the ground." Hines then fled and was chased a short distance by other officers who had arrived at that location. Upon investigation, the officers discovered that the plastic bag that Hines had dropped contained crack cocaine.
 {¶ 8} The detective who interviewed Hines on April 11, 2002, testified that Hines told two versions of events from the outset. He claimed that Corbitt had thrown a glass at him during an argument, breaking the glass in the door. Then, in a written statement, Hines claimed that he had exited the apartment after fighting with Corbitt and spitting on her, but had stopped to knock on the door to get the attention of his brother who remained inside, and that in so doing he had broken the glass on the door.
 {¶ 9} Hines' brother, Albert, testified for the defense in addition to Corbitt. Albert testified that he and Hines had been babysitting at Corbitt's apartment the evening of April 11, 2002, and that Corbitt and Hines had gotten into a "basic argument" upon her return, but that the men had left the apartment before it could develop into a more serious altercation. Albert testified that the glass in the door broke because Corbitt slammed the door. He also testified that, when they were stopped a short distance from the apartment, he and his brother had been surrounded by seven police cruisers, that he had been thrown against a car by police officers, and that his brother had not run from the police.
 {¶ 10} Pursuant to our responsibilities under Anders, we have thoroughly reviewed the record in this case and agree with the assessment of appointed counsel that there are no arguably meritorious issues for appellate review. Although various versions of the events were given at trial, the jury did not lose its way in concluding that Hines was guilty of aggravated burglary, possession of cocaine, and domestic violence. Credible evidence supported these convictions, and they were not against the manifest weight of the evidence. Moreover, we find no other potentially meritorious issues upon which appellate relief might be granted.
 {¶ 11} Accordingly, the judgment of the trial court will be affirmed.
FAIN, P.J. and YOUNG, J., concur.